UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN EVANS POWELL, | ) | |
| | ) | |
| Plaintiff | ) | 10 C 4701 |
| vs. | ) | |
| | ) | Judge Feinerman |
| CORINTHIAN COLLEGES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juan Evans Powell filed this suit against her former employer, Defendant Corinthian Colleges, Inc., seeking overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*. Powell was an Admissions Representative for Corinthian from October 28, 2008 to May 9, 2010. Doc. 47 at ¶¶ 1-4. Her job was to cold-call potential students and help them through the enrollment process. Doc. 49-1 at 4. She typically was scheduled to work a standard five-day, forty-hour work week. Doc. 47 at ¶ 13. Powell recorded her hours on weekly time sheets, and Corinthian paid her according to those time sheets. *Id*. at ¶¶ 14, 16. Powell reported overtime hours during only two weekly pay periods, *id*. at ¶ 19; Doc. 52 at ¶ 3, and she does not dispute that Corinthian paid her overtime for those weeks, Doc. 47 at ¶¶ 16, 25; Doc. 52 at ¶ 2. Powell claims, however, that her other weekly time sheets do not accurately state her hours because she often showed up earlier and stayed later than her scheduled shifts.

Powell has moved for summary judgment on liability only. Her supporting evidence consists of telephone records for the phone at her cubicle. A summary of those records, Doc. 37-14, lists 174 days in which the time between the first and last calls ended exceeded eight hours.

Doc. 47 at ¶ 20. According to Powell, those records show that she worked more than eight hours on those days and therefore more than forty hours during the weeks in which those days fell.

Summary judgment is denied because the record does not indisputably show that Powell worked more than eight hours during any of those days or more than forty hours during any of those weeks. As an initial matter, the record does not conclusively prove that Powell made the calls that supposedly show that she worked more than eight hours per day. The phone records reflect all calls made from Powell's phone regardless of who made them. Doc. 47 at ¶¶ 20, 22; Doc. 49-4 at 7, 9. Evidence submitted by Corinthian arguably demonstrates that Powell's cubicle phone was used by others; the cubicle phones on Powell's floor were accessible to any of the 20 to 25 other employees working on the floor, and two supervisors aver that they sometimes used those phones. Doc. 49-6 at ¶¶ 3-4; Doc. 49-7 at ¶¶ 3-4. A reasonable jury could find from this evidence that Powell did not make the calls in question.

Even assuming that Powell made those calls, the record does not indisputably show that they contributed to the length of her work day. Corinthian submitted evidence arguably showing that Powell made over 600 personal calls to 800 numbers during her one-and-a-half years at Corinthian. Doc. 47 at ¶ 9; Doc. 49-5 at ¶¶ 4-5 (showing calls to, among others, AT&T, DermaWand, Prudential, Ultimate Facial, Delta Dental Insurance, Embassy Suites, and Chicago Transit Authority). Powell's coworkers aver that they overheard Powell making lengthy personal phone calls with her cable provider and cell phone company. Doc. 47 at ¶ 9; Doc. 49-6 at ¶ 5; Doc. 49-7 at ¶ 5. If Powell made personal phone calls before or after her scheduled work day, the time making those calls would not qualify as time worked. *See Kellar v. Summit Seating Inc.*, 664 F.3d 169, 175 (7th Cir. 2011) ("The Portal-to-Portal Act exempts those activities that are predominantly spent in the employee's own interests, meaning those activities that are

undertaken for the employee's own convenience, not being required by the employer and not being necessary for the performance of the employee's duties for the employer.") (internal quotation marks and alterations omitted); *id*. at 177-78 (employees who come in before their scheduled shift to socialize need not be paid for that extra time); 29 C.F.R. § 785.48 ("employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work").

It bears mention that a serious pall has been cast over Powell's credibility due to her averment that she made no personal phone calls while at work. Doc. 41 at ¶ 4. This averment is contradicted by the evidence, referenced above, of over 600 calls placed from her cubicle phone to 800 numbers. Summary judgment is particularly inappropriate when there is good cause to question the movant's credibility. As the Seventh Circuit has observed: "Clearly, if the credibility of the movant's witnesses is challenged by the opposing party and specific bases for possible impeachment are shown, summary judgment should be denied and the case allowed to proceed to trial, inasmuch as this situation presents the type of dispute over a genuine issue of material fact that should be left to the trier of fact." *Cameron v. Frances Slocum Bank & Trust Co.*, 824 F.2d 570, 575 (7th Cir. 1987) (quoting 10A Wright & Miller, Federal Practice and Procedure § 2726, at 115-16 (2d ed. 1983)); *see also Allen v. Chi. Transit Auth.*, 317 F.3d 696, 699-700 (7th Cir. 2003).

Because Powell is the movant, all genuine factual disputes must be resolved, and all reasonable inferences from the record must be drawn, in Corinthian's favor. Viewed through this lens, the record shows that Powell did not make the phone calls reflected in the summary and/or that the calls were personal calls that did not contribute to the length of her work day. Accordingly, Powell has not indisputably shown that she worked over forty hours in any week

for which she was not paid overtime. It follows that her summary judgment motion must be denied and this case must be tried as to both liability and damages.

July 9, 2012                                   _____
                                                  United States District Judge